**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD KRUSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 CV |
| | ) | |
| COOK COUNTY, Illinois, COOK COUNTY | ) | Judge |
| SHERIFF, THOMAS DART, in his official | ) | |
| capacity,  and UNKNOWN COOK COUNTY | ) | Magistrate Judge |
| SHERIFF CORRECTIONAL OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff RICHARD KRUSS, by and through his attorneys, Tony Thedford and Torreya L. Hamilton, makes the following complaint against Defendants COOK COUNTY, ILLINOIS, COOK COUNTY SHERIFF, Thomas Dart, in his official capacity, and UNKNOWN COOK COUNTY SHERIFF CORRECTIONAL OFFICERS ("Defendant OFFICERS"):

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment, to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and Illinois common and statutory law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§ 1391(b). The events giving rise to this complaint occurred in this district and on information and belief, all the parties reside in this judicial district.

## PARTIES

4. Plaintiff RICHARD KRUSS is a licensed attorney in the state of Illinois. Plaintiff is a resident of Cook County and resides in Oak Park, Illinois.

5. Defendant COUNTY is a local governmental entity in the State of Illinois, and is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003).

6. Defendant SHERIFF is a duly elected official, an agent of Defendant COUNTY and is responsible for overseeing the operation of Cook County jail.

7. Defendant OFFICERS, at all relevant times, are or were Cook County correctional officers, employed by Defendant SHERIFF and Defendant COUNTY, acting within the scope of their employment and under color of law.

**FACTS**

8. On December 10, 2014, PLAINTIFF was working as an attorney and was at Cook County jail visiting an inmate he had been appointed to represent.

9. Once inside a division of Cook County jail, visiting attorneys are not permitted to move around freely but must instead be escorted by a Cook County correctional officer.

10. Prior to Plaintiff's visit that day, the inmate Plaintiff was there to visit had been charged with attempted murder for attacking a Cook County corrections officer with a weapon he had somehow obtained inside the jail.

11. Also prior to Plaintiff's visit that day, the inmate was being investigated by the Sheriff for solicitation of murder for trying to recruit an undercover Cook County corrections officer to murder the judge presiding over his criminal case.

12. On December 10, 2014 when Plaintiff entered the jail to visit this inmate, Cook County correctional officers escorted both Plaintiff and the inmate to an interview room inside Cook County jail.

13. Defendant OFFICERS delivered the inmate to this meeting handcuffed with his hands in front, rather than behind, his back.

14. At some point during Plaintiff's meeting with this inmate, the inmate indicated he wanted to show PLAINTIFF some documents which were in his jail cell.

15. PLAINITFF looked outside the interview room for a correctional officer, but there were no correctional officers anywhere in sight.

16. The inmate walked out of the interview room and disappeared. Upon information and belief, he was permitted to, or otherwise somehow returned to his jail cell.

17. A short time later, the inmate returned to the visiting room and they concluded their meeting. PLAINTIFF walked out of the room behind the inmate.

18. PLAINTIFF did not see any corrections officers as they exited the interview room.

19. As they exited the interview room, the inmate turned and struck and then stabbed PLAINTIFF in the head and in both ears with a homemade knife, or "shank" that the inmate had on his person.

20. PLAINTIFF was taken to the emergency room where he was treated for his injuries, which included puncture wounds requiring stitches to both ears, bruises and lacerations, and a fractured facial bone.

21. In addition to his physical injuries, PLAINTIFF has suffered, and continues to suffer, emotional distress as a result of this incident, especially since visiting the Cook County jail remains a necessary part of Plaintiff's job.

### COUNT I
(42 U.S.C. §1983 – Due Process Claim)

22. Each of the foregoing paragraphs is incorporated as if fully restated here.

23. As more fully described above, while inside the Cook County jail, Defendants placed restraints on Plaintiff's personal liberty, and thus, Defendants owed Plaintiff a duty to protect him from known and reasonably foreseeable dangers inside the jail.

24. Defendants had a special relationship with Plaintiff, an attorney who pursuant to his employment had to visit his client in custody at the Cook County Jail.

25. This special relationship arises from the limitations that the Defendants imposed on Plaintiff's personal liberty and/or freedom to act on his own behalf while inside the Cook County Jail.

26. This special relationship and the restraint placed on Plaintiff's personal liberty inside the jail, gave rise to an affirmative duty, enforceable through the Due Process Clause, to provide adequate and reasonable protection from a foreseeable danger.

27. Defendants also affirmatively created a dangerous situation by leaving Plaintiff in a room with a known violent offender, with insufficient security measures in place.

28. Defendants further created a dangerous situation by not properly restraining a known violent offender while the offender was in the visitation room with Plaintiff.

29. In addition, Defendants created a dangerous situation by permitting a violent offender to retrieve items from his jail cell without supervision, or otherwise without proper security measures in place to protect Plaintiff from risk of harm.

30. Defendants were deliberately indifferent to the foreseeable danger posed to Plaintiff and failed to protect him from it.

31. As a result of these actions, Defendants violated Plaintiff's Due Process rights under the Fourteenth Amendment to the Constitution, and Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendants, jointly and severally, in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
### (42 U.S.C §1983 - Policy Claim)

32. Each of the foregoing paragraphs is incorporated as if fully restated here.

33. The constitutional violations described above were undertaken pursuant to the policy and practice of Defendants COUNTY and SHERIFF in that:

   a. Defendants fail to adequately supervise inmates at the Cook County jail to prevent the creation and use of weapons inside Cook County jail, causing injury and harm such as that caused to Plaintiff;

   b. Defendants fail to adequately staff the Cook County jail in order to provide reasonable safety for other inmates and for those visiting the jail, such as Plaintiff;

   c. Inmates are allowed access to items and materials that can be fashioned into weapons;

   d. Defendants fail to adequately supervise known violent offenders, allowing them to injure other inmates, correctional officers and visitors to the jail such as Plaintiff;

34. By these policies and practices, Defendants have exhibited deliberate indifference to the type of constitutional violation suffered by Plaintiff in this case.

35. As a result of Defendants' policies and practices, Plaintiff has suffered damages as described more fully above.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendants COUNTY and SHERIFF, jointly and severally, in a fair and just amount sufficient to compensate him for his damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
### (State Law- Willful and Wanton Conduct)

36. Each of the foregoing paragraphs is incorporated as if fully restated here.

37. As more fully described above, Defendants had a duty to not engage in willful and wanton conduct that resulted in harm to Plaintiff.

38. This duty included, but is not limited to, the duty to avoid willfully and wantonly operating, maintaining, managing, overseeing and/or controlling the premises, as well as the alleged offenders in Defendants' custody.

39. Defendants breached this duty of care to Plaintiff, and as a direct and proximate result, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants in a fair and just amount sufficient to compensate him for all resulting damages, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

RICHARD KRUSS, Plaintiff

By:  /s Tony Thedford
     One of Plaintiffs' Attorneys

THE LAW OFFICE OF TONY THEDFORD
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.614.0866
tony@thedfordlaw.com
Attorney No. 6239316

By: /s Torreya L. Hamilton
     One of Plaintiff's Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397