IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD KRUSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 CV 11091 |
| | ) | |
| COOK COUNTY, Illinois, COOK COUNTY | ) | Judge LEFKOW |
| SHERIFF, THOMAS DART, in his official | ) | |
| capacity, and Cook County Sheriff Lieutenant | ) | Magistrate Judge FINNEGAN |
| MARIO LEDESMA, Sergeants MICHAEL | ) | |
| CONTRERAS #3160 and WILLIAM | ) | |
| ZURRELLA #3137, and Correctional Officers | ) | |
| BRIAN SCHULTZ #77218, MICHAEL HALL | ) | |
| #15747, KARL JACOBSEN #16008, and | ) | |
| MICHAEL KOZEL #15612, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff RICHARD KRUSS, by and through his attorneys, Tony Thedford and Torreya L. Hamilton, makes the following first amended complaint against Defendants COOK COUNTY, ILLINOIS, COOK COUNTY SHERIFF, Thomas Dart, in his official capacity, and Cook County Sheriff Lieutenant MARIO LEDESMA, Sergeants MICAHEL CONTRERAS #3160 and WILLIAM ZURRELLA #3137, and Correctional Officers BRIAN SCHULTZ #77218, MICHAEL HALL #15747, KARL JACOBSEN #16008, and MICHAEL KOZEL #15612 ("Defendant OFFICERS"):

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment, to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and Illinois common and statutory law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§1391(b). The events giving rise to this complaint occurred in this district and on information and belief, all the parties reside in this judicial district.

## PARTIES

4. Plaintiff RICHARD KRUSS is a licensed attorney in the state of Illinois. Plaintiff is a resident of Cook County and resides in Oak Park, Illinois.

5. Defendant COUNTY is a local governmental entity in the State of Illinois, and is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003).

6. Defendant SHERIFF is a duly elected official, an agent of Defendant COUNTY, and is responsible for overseeing the operation of Cook County jail.

7. Defendant OFFICERS, at all relevant times, are or were Cook County correctional officers, employed by Defendant SHERIFF and Defendant COUNTY, acting within the scope of their employment and under color of law.

## FACTS

8. On December 10, 2014, Plaintiff was working as an attorney and was at Cook County jail with another attorney visiting an inmate named Jimmie Smith whom Plaintiff had been appointed to represent.

9. Once inside a division of Cook County jail, visiting attorneys are not permitted to move around freely but must instead be escorted by a Cook County correctional officer.

10. Prior to Plaintiff's visit that day, Smith had been charged with attempted murder for attacking a Cook County corrections officer with a weapon he had somehow obtained inside the jail.

11. Also prior to Plaintiff's visit that day, Smith was being investigated by the Sheriff for solicitation of murder for trying to recruit an undercover Cook County corrections officer to murder the judge presiding over his criminal case.

12. On December 10, 2014 when Plaintiff entered the jail to visit Smith, Cook County correctional officers escorted Plaintiff and the other attorney to an interview room inside Cook County jail.

13. Defendant OFFICERS then delivered Smith to this meeting handcuffed with his hands in front, rather than behind, his back.

14. At some point during the meeting, Smith indicated he wanted to show Plaintiff some documents which were in his jail cell.

15. Plaintiff looked outside the interview room for a correctional officer, but there were no correctional officers anywhere in sight.

16. Defendants LEDESMA, CONTRERAS, and ZURRELLA were responsible for supervising the other Defendant OFFICERS assigned to this area of the jail.

17. Smith walked out of the interview room.

18. On information and belief, Defendant SCHULTZ escorted the inmate to his jail cell.

19. Defendant KOZEL was responsible for supervising the inmates, including Jimmie Smith, who were housed in the living area where Smith's cell was located.

20. Defendant KOZEL failed to supervise Smith and Smith obtained a weapon from his cell and secreted it on his person.

21. Defendants HALL and JACOBSEN were assigned to a desk located in the hallway outside the visiting room where the inmate was meeting with PLAINTIFF and they were responsible for supervising the movement and conduct of inmates in this area.

22. Defendant OFFICERS failed to search Smith and locate the weapon he had concealed on his person.

23. A short time later, Smith returned to the visiting room, escorted by Defendant SCHULTZ.

24. A short time later, the meeting was concluded and Plaintiff, the other attorney and Smith began to walk out of the interview room.

25. Again, Plaintiff did not see any correctional officers in the immediate vicinity when they were leaving interview room.

26. As they were exiting the interview room, Smith turned and attacked Plaintiff, striking him in the face and stabbing him three times in the head with a homemade knife, or "shank."

27. Plaintiff was taken to the emergency room where he was treated for his injuries, which included three lacerations requiring stitches, fractured facial bones, an injury to his right hand and other contusions and pain.

28. In addition to his physical injuries, PLAINTIFF has suffered, and continues to suffer, emotional distress as a result of this incident, especially since visiting the Cook County jail remains a necessary part of Plaintiff's job.

## COUNT I
(42 U.S.C. §1983 –Due Process Claim)

29. Each of the foregoing paragraphs is incorporated as if fully restated here.

30. As more fully described above, while inside the Cook County jail, Defendants placed restraints on Plaintiff's personal liberty, and thus, Defendants owed Plaintiff a duty to protect him from known and reasonably foreseeable dangers inside the jail.

31. Defendants had a special relationship with Plaintiff, an attorney who pursuant to his employment had to visit his client in custody at the Cook County Jail.

32. This special relationship arises from the limitations that the Defendants imposed on Plaintiff's personal liberty and/or freedom to act on his own behalf while inside the Cook County Jail.

33. This special relationship and the restraint placed on Plaintiff's personal liberty inside the jail, gave rise to an affirmative duty, enforceable through the Due Process Clause, to provide adequate and reasonable protection from a foreseeable danger.

34. Defendants also affirmatively created a dangerous situation by leaving Plaintiff in a room with a known violent offender, with insufficient security measures in place.

35. Defendants further created a dangerous situation by not properly restraining a known violent offender while the offender was in the visitation room with Plaintiff.

36. In addition, Defendants created a dangerous situation by permitting a violent offender to retrieve items from his jail cell without supervision, or otherwise without proper security measures in place to protect Plaintiff from risk of harm.

37. Defendants were deliberately indifferent to the foreseeable danger posed to Plaintiff and failed to protect him from it.

38. As a result of these actions, Defendants violated Plaintiff's Due Process rights under the Fourteenth Amendment to the Constitution, and Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants, jointly and severally, in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983 – Supervisory Liability)

39. Each of the foregoing paragraphs is incorporated as if fully restated here.

40. Defendant Lieutenant LEDESMA and Defendant Sergeants CONTRERAS and ZURRELLA were the supervisors on duty during the incident described above.

41. As described above, Defendant OFFICERS violated Plaintiff's right to due process and were deliberately indifferent to his safety, causing him pain and injury.

42. At all relevant times, Defendants LEDESMA, CONTRERAS, and ZURRELLA were a Lieutenant and Sergeants, respectively, and were supervisory-level officials at the Cook County

Jail. It was the responsibility to of Defendants LEDESMA, CONTRERAS, and ZURRELLA to supervise the conduct of other Defendant OFFICERS who took part in violating Plaintiff's right to due process and being deliberately indifferent to his safety, causing him pain and injury.

43. Rather than properly supervising the other Defendant OFFICERS, Defendants LEDESMA, CONTRERAS, and ZURRELLA condoned or were recklessly indifferent to the unlawful behavior of the other Defendant OFFICERS and failed to take appropriate steps to stop it.

44. As a direct and proximate result of Defendant LEDESMA, CONTRERAS, and ZURRELLA's failure to supervise the other Defendant OFFICERS, Plaintiff suffered physical injuries and emotional distress and incurred medical expenses.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants LEDESMA, CONTRERAS, and ZURRELLA, jointly and severally, in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT III
(42 U.S.C. §1983 – Policy Claim)

45. Each of the foregoing paragraphs is incorporated as if fully restated here.

46. The constitutional violations described above were undertaken pursuant to the policy and practice of Defendants COUNTY and SHERIFF in that:

    a. Defendants fail to adequately supervise inmates at the Cook County jail to prevent the creation and use of weapons inside Cook County jail, causing injury and harm such as that caused to Plaintiff;

    b. Defendants fail to adequately staff the Cook County jail in order to provide reasonable safety for other inmates and for those visiting the jail, such as Plaintiff;

    c. Inmates are allowed access to items and materials that can be fashioned into weapons;

6

    d.   Defendants fail to adequately supervise known violent offenders, allowing them to injure other inmates, correctional officers and visitors to the jail such as Plaintiff;

47. By these policies and practices, Defendants have exhibited deliberate indifference to the type of constitutional violation suffered by Plaintiff in this case.

48. As a result of Defendants' policies and practices, Plaintiff has suffered damages as described more fully above.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants COUNTY and SHERIFF, jointly and severally, in a fair and just amount sufficient to compensate him for his damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(State Law - Willful and Wanton Conduct)

49. Each of the foregoing paragraphs is incorporated as if fully restated here.

50. As more fully described above, Defendants had a duty to not engage in willful and wanton conduct that resulted in harm to Plaintiff.

51. This duty included, but is not limited to, the duty to avoid willfully and wantonly operating, maintaining, managing, overseeing and/or controlling the premises, as well as the alleged offenders in Defendants' custody.

52. Defendants breached this duty of care to Plaintiff, and as a direct and proximate result, Plaintiff suffered damages, which will be proven at trial.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants in a fair and just amount sufficient to compensate him for all resulting damages, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

RICHARD KRUSS, Plaintiff

By: /s Tony Thedford
    One of Plaintiff's Attorneys

THE LAW OFFICE OF TONY THEDFORD
53 West Jackson Boulevard, Suite 638
Chicago, IL 60604
312.614.0866
tony@thedfordlaw.com
Attorney No. 6239316

By: /s Torreya L. Hamilton
    One of Plaintiff's Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397